**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 *Plaintiff*,<br>v.<br><br>HALLIBURTON CO., *et al.*,<br><br>                 *Defendants*. | Civil Action No. 1:16-cv-00233-UNA |

**STIPULATED PROTECTIVE ORDER**

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A.  Definitions**

    1. As used herein:

        (a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

        (b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

1

(c) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(d) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(e) "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the U.S. Department of Justice.

(f) "Investigation Materials" means non-privileged documents, testimony or other materials that (i) any non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) any Party provided to any non-Party relating to the Investigation; or (iii) any Defendant, or affiliated person or entity, provided to Plaintiff , either voluntarily or under compulsory process, in the course of and relating to the Investigation.

(g) "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any non-Party provides to any Party either voluntarily or under compulsory process in connection with and during the pendency of this Action; (ii) are exchanged between any Party and any non-Party in connection with and during the pendency of this Action; (iii) any Defendant provides to Plaintiff, either voluntarily or under compulsory process, in connection with and during the pendency of this Action and/or (iv) Plaintiff provides to any Defendant in connection with and during the pendency of this Action.

(h) "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding.

(i) "Party" means the United States or any Defendant in this Action. "Parties" means collectively Plaintiff and Defendants in this Action.

   (j) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

   (k) "Protected Person" means any Person (including a Party) that has provided Investigation Materials or whose documents, testimony or other materials are provided in this Action by any Party or non-Party to a Party, either voluntarily or in response to a discovery request or subpoena.

**B.** **<u>Notice to Non-Parties</u>**

  2. Within four business days of the filing of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

  3. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information, it may, within 10 days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information. If a non-Party Protected Person seeks additional protection from the Court, the materials for which additional protection has been sought will not be provided to other Persons until the Court has ruled.

**C.** **<u>Designation of Confidential Information</u>**

  4. *DESIGNATION OF INVESTIGATION MATERIALS.* Investigation Materials submitted by a Protected Person, or any other materials that are entitled to confidentiality under the Antitrust Civil Process Act, 15 U.S.C. § 1313(c) (3), the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), or any other federal or state statute, regulation, or precedent concerning documents in the possession of the Plaintiff, and any information taken from any portion of such document, shall be treated in the first instance as Confidential

Information under this Order during pretrial proceedings. Such material may be disclosed only in accordance with the procedures set forth in this Order. Any such materials produced by any Party in this Action will be marked with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium. The confidentiality of such materials may be later challenged under the provisions of Section D below.

      5. *DESIGNATION OF LITIGATION MATERIALS*. The following procedures govern the process for Protected Persons to designate as Confidential any information that they disclosed in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

      (a) <u>Testimony</u>. All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent. Within 21 days following receipt of the final transcript, the deponent may designate as Confidential, any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To be effective, such designations must be provided in writing to Plaintiff's and Defendants' counsel listed at the end of this Order.

4

Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall not be treated as Confidential, despite any prior designation of confidentiality.

      (b) <u>Documents</u>.  Where a Protected Person produces after entry of this Order hard copies of documents or electronic version of documents that are not in a native format, such documents shall be designated by the Protected Person for protection under this Order by stamping or otherwise marking each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential Information.

      (c) <u>Electronic Documents and Data</u>.  Where a Protected Person produces electronic files and documents in native electronic format after entry of this Order, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.  When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 9(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" and include the production number and designation associated with the native file.

(d) Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena. Non-Parties may designate materials as Confidential pursuant to the procedures in this paragraph.

6. Any production of documents or testimony not designated as Confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential any documents, testimony, or other materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat such materials pursuant to the Protected Person's new designation under the terms of this Order. No prior disclosure of newly designated Confidential Information shall violate this Order.

7. In the event of a disclosure of any Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential Information.

**D.     Challenges to Confidential Designation**

8. Any Party who objects to any designation of confidentiality may at any time before the trial of this Action provide a written notice to the Protected Person who provided the materials and all other Parties stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential Information pending resolution of the dispute. If the objecting Party and the Protected Person cannot reach agreement on the objection within 5 business days of the Party's written notice, the Protected Person may address the dispute to this Court in accordance with the Scheduling Order. The Protected Person bears the burden of persuading the Court that the material is in fact Confidential Information within the definition set forth in paragraph 1(b). The designated information shall be treated in accordance with its Confidential Information designation under this order until the Court rules on the designating Protected Person's timely filed motion. If the Protected Person fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential Information to have been inappropriate, the designation of confidentiality shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information under this Order. The Parties' entry into this order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**E.     Disclosure of Confidential Information**

9. Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters in the courtroom, and stenographic or clerical personnel;

(b) counsel for the Plaintiff and its attorneys, in-house economists, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiff to assist in this Action whose functions require access to the information;

(c) Outside Counsel of Record for Defendants, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (in-house counsel for Defendants, however, are excluded and shall not have access to any Confidential Information under this Order, unless and until modified);

(d) outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e) any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(f) persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or persons whom counsel for a Party believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall

first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

      (h)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

10.  Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto until final resolution of this Action.

11.  Each individual described in paragraph 9 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other individual, except as provided in this Order.

12.  Recipients of Confidential Information under this Order may use such material solely for the prosecution and defense of this Action and not for any business, commercial, or competitive purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.  Further, nothing contained in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Confidential (i) in the course of any other legal proceeding in which the U.S. Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.

13.  <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this

order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

14. Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(b) prevents disclosure of Confidential Information with the consent of the Protected Person that designated the material as Confidential;

(c) prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by law;

(d) prevents Plaintiff's retention or use or disclosure of Investigation Materials or Litigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order or regulation.

**F.     Use of Information Designated Confidential in This Action**

15. If any documents, testimony, or other materials designated under this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must file such Confidential Information under seal,

in accordance with D. Del. LR 5.1.3. Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential Information under seal.

      16. Disclosure at trial of documents and testimony and other materials designated as Confidential Information will be governed pursuant to Court order. The parties shall meet and confer before trial and submit a recommended order outlining those procedures.

**G.**     **Procedures upon Termination of This Action**

      17. The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential Information. Counsel for Plaintiff and Defendants will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential Information or as otherwise permitted herein. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this Paragraph, however, restricts the rights of the Parties under paragraphs 12 or 14 of this Order.

### H. Right to Seek Modification

18. Nothing in this Order limits any person, including members of the public, Party or Protected Person from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action.

### I. Persons Bound by This Order

19. This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Dated: April 12, 2016

**AGREED TO:**
By Counsel for the Plaintiff United States:

| | |
|---|---|
| /s/ Jennifer Hall | /s/ James A. Ryan |
| JENNIFER HALL (#5122) | DAVID I. GELFAND |
| Assistant United States Attorney | JAMES A. RYAN |
| United States Attorney's Office | TRACY L. FISHER |
| 1007 Orange Street, Suite 700 | United States Department of Justice |
| Wilmington, DE 19801 | 450 5th St. NW |
| (302) 573-6277 | Washington, D.C. 20530 |
| jennifer.hall@usdoj.gov | (202) 353-3797 |
| | James.A.Ryan@usdoj.gov |

By Counsel for Defendant Halliburton:

/s/ Anne Shea Gaza
DAVID C. MCBRIDE (No. 408)
ANNE SHEA GAZA (No. 4093)
JAMES M. YOCH, JR. (No. 5251)
SAMANTHA G. WILSON (No. 5816)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

| | |
|---|---|
| STEPHEN WEISSMAN | RICHARD PARKER |
| JOSEPH OSTOYICH | EDWARD D. HASSI |
| Baker Botts L.L.P. | O'Melveny & Myers |
| The Warner | 1625 Eye Street, NW |
| 1299 Pennsylvania Ave., NW | Washington, D.C.  20006 |
| Washington, D.C.  20004-2400 | |

By Counsel for Defendant Baker Hughes:

/s/ S. Mark Hurd
S. MARK HURD (No. 3297)
ETHAN H. TOWNSEND (No. 5813)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE  19899

CHARLES C. PLATT
MOLLY S. BOAST
HARTMUT SCHNEIDER
HEATHER S. TEWKSBURY
WilmerHale LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007

**SO ORDERED:**

Dated this ___ day of April, 2016

_____
**UNITED STATES DISTRICT JUDGE**

**APPENDIX A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            *Plaintiff*,<br>    v.<br><br>HALLIBURTON CO., *et al.*,<br><br>            *Defendants*. | Civil Action No. 1:16-cv-00233-UNA |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ as _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Delaware solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____        _____
SIGNATURE                                                              DATE